IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　　　　　v.<br><br>**JOSH S. VERNE,**<br><br>　　　　　　　　　　**Defendant.** | **Civil Action No.: 2:23-CV-02259** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT'S MOTION TO STAY PROCEEDING</u>**

Defendant Josh S. Verne ("Mr. Verne" or the "Defendant") respectfully submits this memorandum of law in support of his motion to stay the Securities and Exchange Commission's (SEC) civil action pending resolution of a parallel criminal investigation by the Department of Justice. The factors supporting a stay under these circumstances are well established and numerous courts have granted motions to stay civil actions in cases similar to this one. The requested stay is necessary to protect Mr. Verne's important Constitutional rights under the Fifth Amendment. Mr. Verne's counsel have conferred with the SEC's attorneys and were informed that the SEC "will take no position" on Defendant's motion for a stay. Accordingly, the stay will not prejudice the plaintiff SEC in this action.

**I.      BACKGROUND**

The SEC filed a Complaint on June 13, 2023, alleging that the Defendant violated "Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder," Compl. ¶ 9, ECF No. 1, June 13, 2023. Thereafter, the SEC and Defendant stipulated that Mr. Verne would have until January 16, 2024, to answer, plead, or otherwise

respond to the Complaint. ECF No. 11, November 30, 2023. Mr. Verne has been informed that he is the subject of a parallel DOJ federal criminal investigation into the same conduct which is the subject of the SEC's civil complaint.

## II. ARGUMENT

### A. The Court Has Broad Discretion to Stay Civil Proceedings Where There Is a Parallel Criminal Investigation

A district court has discretion to stay a civil proceeding. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). Courts will not hesitate to grant a stay in the interests of justice. *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (trial court did not abuse its discretion in delaying civil conspiracy trial until United States attorney's office announced that it had declined prosecution and in denying additional request for delay even though statute of limitations had not yet run.); *See Aluminium Bahrain B.S.C. v. Dahdaleh,* Civ. No. 8-299, 2012 WL 5305167, at *2 (W.D. Pa. Oct. 12,2012) ("[A] stay until the conclusion of Defendant Amor's criminal trial will streamline discovery and preserve judicial economy because Defendant will be able to candidly participate in the discovery process following his criminal trial."); *Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523 (D.N.J. 1998) (grant of stay of all interrogatory and deposition discovery was warranted by similarity of issues in civil and criminal proceedings, serious Fifth Amendment concerns about self-incrimination if civil trial continued, absence of prejudice to mortgagee from delay, burden on defendants without stay, and public interest in favor of stay).

### B. The Relevant Factors Weigh in Favor of a Stay In This Case

Although the Third Circuit has not adopted an explicit set of factors to consider when determining whether to implement a stay, courts within the circuit have applied a six-factor test

adopted by other Circuit and District courts across the country. *See In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *3 (E.D. Pa. May 13, 2003) (citing *Walsh Securities, Inc. v. Cristo Prop. Mgmt. Ltd.,* 7 F. Supp. 2d 523 (D.N.J.1998)); *Sec. & Exch. Comm'n v. Hvizdzak Cap. Mgmt., LLC*, No. CV 1:20-154, 2021 WL 3549332, at *2 (W.D. Pa. Aug. 11, 2021); *Int'l Fidelity Ins. Co. v. Podlucky*, No. 07-0235, 2007 WL 2752139, at *2 (W.D. Pa. Sept. 19, 2007) (citing *In re Derivative Litig.,* No. 06-02964, 2007 WL 1101276 (E.D. Pa. April 11, 2007)).

In *Walsh*, the court applied the following factors when determining whether to grant a motion to stay:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.

*Walsh Securities, Inc.*, 7 F. Supp. 2d at 526-27 (internal citation omitted). As discussed below, each of these factors weighs in favor of granting a stay in this action.

### i. The issues in the civil and criminal cases overlap.

Federal courts frequently stay civil proceedings where they have the potential to impact a criminal investigation. Here, the criminal investigation arises from the same set of facts and circumstances that underlie the claims in this proceeding. Substantial similarity and overlap between the civil issues and the criminal issues raise concerns about Fifth Amendment rights against self-incrimination and strongly weigh in favor of a stay. *See, e.g.*, *SEC v. Shkreli*, 2016 WL 1122029, at *4 (E. D. N. Y. Mar. 22, 2016).

A stay is warranted as the Defendant is unable to respond to the factual allegations of the Complaint, respond to or participate in the discovery process, or otherwise defend this matter, without implicating his constitutional right against self-incrimination.  In the absence of a stay, the Defendant will be impermissibly forced to choose between waiving his Fifth Amendment privilege in the criminal proceedings or defending this civil action, in which invocation of his right against self-incrimination can be used against him in the form of a negative inference. The Defendant should not be forced to make "the difficult choice between being prejudiced in the civil litigation," if he asserts his Fifth Amendment privilege, "or from being prejudiced in the criminal litigation if he ... waives that privilege in the civil litigation." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (citing *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 83 (2d Cir. 1995).

### ii. The status of the criminal proceedings.

Courts frequently grant stays in civil cases to protect criminal investigations where the issues overlap, even where no indictment has been issued. *See, e.g.*, *SEC v. Offill*, No. 3:07-CV-1643-D, 2008 WL 958072 (N.D. Tex. Apr. 9, 2008) (discussed below); *SEC v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326-27 (N.D. Ala. 2003) (staying the civil action pending the completion of a related and active criminal investigation, though no indictment was pending); *Walsh Secs. v. Cristo Property Mgmt.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (discussed below); *United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 658-59 (D.R.I. 1987) (staying civil action while the government considered bringing criminal proceedings based on allegations that were the subject matter of the civil proceedings); *Sec. & Exch. Comm'n v. Hvizdzak Cap. Mgmt., LLC*, No. CV 1:20-154, 2021 WL 3549332.

In *Walsh Secs.*, the government had been conducting an active investigation, arising out of real estate transactions, which involved the same issues as the civil action. 7 F. Supp. 2d at 527. Although no indictment had been handed down, the government had executed search warrants and issued subpoenas, and it expressed concern that discovery in the civil matter could harm its investigation. *Id.* The district court stayed interrogatory and deposition discovery for six months. *Id.* at 529. Similarly, in *Offill*, although no indictment had yet been issued, the government moved to stay all discovery on grounds that the defendants would be able to acquire evidence, including testimony and documents, to which they would not be entitled in a criminal proceeding. 2008 WL 958072, at *2-4. The Court stayed discovery to a date certain but provided that if an indictment resulted by that time, the stay would continue until the end of the criminal proceedings. *Id.* at *14. Here, this factor also supports granting the requested stay.

    **iii.**  **Any harm Plaintiff may suffer as a result of the stay is outweighed by the prejudice the Defendant will face in the absence of a stay.**

While the Plaintiff has a legitimate interest in the expeditious resolution of its case, here the prejudice to the Defendant and burden on his constitutional rights outweigh Plaintiff's interests. *See Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993) (granting stay and holding that while the stay will be an inconvenience and delay to plaintiffs, "under settled authority the Fifth Amendment is the more important consideration."). *See also United Techs. Corp. v. Dean*, 906 F. Supp. 27, 29 (D. Mass. 1995) (quoting *Corbin v. Federal Deposit Ins. Corp.*, 74 F.R.D. 147, 149-50 (E.D.N.Y. 1977) ("Nonetheless, while a stay may cause some inconvenience and delay to [Plaintiffs], 'protection of defendant's constitutional rights against self-incrimination is the more important consideration.'")). "Furthermore, because the civil and criminal issues are so closely intertwined, [Mr. Verne] may be put to the choice of invoking [his] Fifth Amendment rights sooner than [he] ought, if discovery in the civil case is allowed to

5

proceed [against him] in any capacity, *see Javier H.*, 218 F.R.D. at 75 (citation omitted), and [he] also run[s] the risk of exposing [his] criminal defense strategies to the government, *see In re Adelphia* [*Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819 (E.D. Pa. May 13, 2003) at *4]." *Maloney v. Gordon*, 328 F. Supp. 2d 508, 512 (D. Del. 2004). *Accord Am. Express*, 225 F. Supp. 2d at 265 (stating that failure to grant a stay may expose defense theories to prosecution or otherwise prejudice the criminal case).

The SEC has informed Plaintiff that it "will take no position" on the stay motion, and authorized Plaintiff to inform the court of that position. In similar situations, courts have concluded that the SEC did not believe that a stay would prejudice it. *SEC v. Shkreli*, 2016 WL 1122029, at *5. *See S.E.C. v. Treadway*, No. 04-CV-3464, 2005 WL 713826, at *2-3 (S.D.N.Y. Mar. 30, 2005) (noting, in case where New York State Attorney General sought a stay of SEC proceedings until the conclusion of a parallel criminal cases, that the SEC — which took no position on the stay — "has not articulated an interest that requires consideration"); *see also S.E.C. v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.*, No. 11-CV-6500, 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) ("The SEC, the Plaintiff in the Civil Case, does not oppose the U.S. Attorney's Motion. This position perhaps indicates support for a stay, but at the very least makes clear that the SEC does not believe it will be prejudiced by one."); *S.E.C. v. Syndicated Food Serv. Int'l*, No. 04-CV-1303 (E.D.N.Y. Aug. 26, 2004), ECF No. 64, at 7 ("[A] stay of discovery would not prejudice the plaintiffs in the civil case, as evidenced by the fact that the SEC does not oppose the government's motion.").

Conversely, as discussed above, the potential for the use of pleadings, discovery, and testimony in a civil proceeding as a party admission in the criminal proceedings may require Mr. Verne to invoke his Fifth Amendment rights in the civil proceeding and permit the Plaintiff to

argue that Mr. Verne's failure to present evidence by exercising his Fifth Amendment rights permits the judge or jury to make an adverse inference against Mr. Verne.

### iv. Judicial economy weighs in favor of a discovery stay.

A stay also serves the interests of judicial economy. The Court has an interest in "the disposition of the causes on its docket with economy of time and effort . . . ." *Air Line Pilots Ass'n*, 523 U.S. at 879 n.6 (quoting *Landis*, 299 U.S. at 254-55). "Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues." *Grand Jury Proceedings (Williams) v. United States*, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993). Here, a stay advances the interest of the Court because further development of the United States' criminal investigations may resolve some of the overlapping issues in the civil and criminal proceedings. *See Rand*, 2010 WL 11549601, at *10-11 (finding that judicial economy weighed in favor of staying the civil case pending the outcome of criminal proceedings).

As the *Maloney* court explained:

> If the civil action is stayed until the conclusion of the criminal proceedings, then it obviates the need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case. [*In re Adelphia Commc'ns Sec. Litig.,* 2003 WL 22358819 at *5] (citing *Walsh Securities,* 7 F.Supp.2d at 528); *see also Javier H.,* 218 F.R.D. at 75 ("[B]y proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.") (citation omitted). Furthermore, the outcome of the criminal proceedings may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case. *See id.* Thus, staying this case preserves judicial resources and may streamline other aspects of the civil case. As a result, this factor also weighs in favor of granting a stay.

*Id.*

### v.     The public interest weighs in favor of a stay.

There is a public interest in ensuring that members of the public who would serve as witnesses or parties in this action and the criminal case are not put to the expense and inconvenience of being called multiple times to testify regarding these matters.  Allowing the criminal case to conclude before discovery proceeds in this matter serves this interest, because the outcome of the parallel criminal case may render the civil discovery unnecessary or streamline it such that witnesses may not be required to testify again.  Indeed, the outcome of the parallel criminal action would "narrow the issues in this instant case and, in turn, narrow the scope of discovery and possibly lead the parties to settlement." *Phillip Morris Inc. v. Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *5 (S.D.N.Y. June 28, 1996).  As such, staying this case in its early stages would also preserve judicial resources.  *Id.*  ("This case is in its early stages and, as such, the most effective use of judicial resources is to stay the proceeding pending the outcome of the criminal case.").

Further, if the criminal matter advances the same interest as the civil case, preserving the integrity of the criminal case and vindication of the criminal law is more important than staying the civil action. *See SEC v. Shkreli*, 2016 WL 1122029, at *7.  The public interest thus weighs in favor of the requested stay.

### III.    CONCLUSION

The issues in the civil and criminal cases overlap; courts have issued stays even prior to the issuance of indictments; there is no prejudice to the Plaintiff from the requested stay; judicial economy is ensured from the requested stay; and there is a strong public interest in streamlining discovery and conserving resources, particularly where the Plaintiff is a government agency.

Therefore, consideration of the relevant factors overwhelmingly favors granting the requested stay. Accordingly, the Defendant respectfully requests that his motion for a stay be granted.

Dated: January 16, 2024                                      Respectfully submitted,

*/s/ Joseph C. Kohn*
Joseph C. Kohn (36565)
Elias A. Kohn (327743)
Zahra R. Dean (Pro Hac Vice)
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 238-1700
jkohn@kohnswift.com
ekohn@kohnswift.com

*Attorneys for Defendant*